UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
RAYMOND GRIFFIN,

                Plaintiff,

      -against-

HONORABLE JAMES DOYLE;
HONORABLE MICHAEL MULLEN;
DISTRICT ATTORNEY THOMAS J. SPOTA;
18-B ATTORNEY CHRISTOPHER
BROCATO; JEFFREY LANGLAN;
ROSALIND C. GRAY; BRIAN RAFFERTY;
LAURAN TAN; LEGAL AID JAMES
HARNETT; DETECTIVES JOSEPH N.
BRITTELLI, JOSEPH C. LOEFFLER,
KEVIN J. EARLY and WILLIAM R.
MALDONADO; SUFFOLK COUNTY POLICE
OFFICERS KEITH JORDAN and ID SPD 34418;
ATTORNEY GENERAL ERIC T.
SCHEIDERMAN; BRIAN J. O'DONNELL;
MONICA A. CONNELL; CHARLES
SANDERS; DEPARTMENT OF
CORRECTIONAL AND COMMUNITY
SUPERVISION COMMISSIONER BRIAN
FISHER; NEW YORK STATE
DIVISION OF PAROLE CHAIRWOMAN
ANDREA EVANS; PAROLE BOARD
COMMISSIONERS LISABETH ELOVICH,
CHRISTINIA HERNANDEZ, KEVIN LUDLOW,
HENRY LEMONS, JAMES FERGUSON,
MICHAELA HAGLAR, WALTER SMITH JR.
and SALLY THOMPSON; YAPHANK
CORRECTIONAL FACILITY WARDEN,
SUPERINTENDENT or SHERIFF;
SUPERINTENDENT OF BARE HILL
CORRECTIONAL FACILITY BRUCE S.
YELICH; LAW LIBRARY CORRECTIONAL
OFFICER LAURIE ANN FOBARE; SERGEANT
KERRY; D-1 DORMITORY CORRECTIONAL
OFFICERS CLARK and DECOSSE; and
JOHN AND JANE DOES, all in their individual and
official capacities,

                Defendants.
----------------------------------------------------X

**ORDER**
12-CV-4359 (SJF)(ETB)




FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y

★    JAN 09 2013    ★

**LONG ISLAND OFFICE**

FEUERSTEIN, District Judge

On August 27, 2012, *pro se* plaintiff Raymond Griffin ("plaintiff") filed a complaint against defendants pursuant to 42 U.S.C. § 1983, accompanied by an application to proceed *in forma pauperis*. Plaintiff's financial status, as set forth in the declaration in support of his application to proceed *in forma pauperis*, qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed *in forma pauperis* is granted.

However, two (2) subsequent mailings, one (1) of which notified plaintiff of a pretrial conference that had been scheduled by the Court, sent by the Court to plaintiff at his address of record, designated as Bare Hill Correctional Facility ("Bare Hill"), 181 Brand Road, Malone, New York 12953-0020, have been returned to the Court as undeliverable with the notation: "Not Here Return to Sender." A search of the inmate population information provided by the New York State Department of Corrections and Community Supervision ("DOCCS") indicates that plaintiff was released from Bare Hill's custody on November 9, 2012. To date, plaintiff has not provided the Court with updated contact information.

"The duty to inform the Court and defendants of any change of address is 'an obligation that rests with all *pro se* plaintiffs.'" Alomar v. Recard, No. 07-CV-5654, 2010 WL 451047, at * 2 (S.D.N.Y. Feb. 9, 2010) (quoting Handlin v. Garvey, No. 91 Civ. 6777, 1996 WL 673823, at * 5 (S.D.N.Y. Nov. 20, 1996)); see also Hayes v. Shield, No. 11 Civ. 3714, 2012 WL 3114843, at * 1 (S.D.N.Y. July 5, 2012), report and recommendation adopted by 2012 WL 3115798 (S.D.N.Y. Aug. 1, 2012); Ackridge v. Martinez, No. 09 Civ. 10400, 2011 WL 5865265, at * 3 (S.D.N.Y. Nov. 22, 2011) ("[W]hen a party changes addresses, it is his obligation to notify the court of his new address."). This action cannot proceed at all unless the Court is able to contact plaintiff to, *inter alia*, arrange conferences, obtain discovery, serve motions and schedule trial. See, e.g. United States ex rel. Roundtree v. Health and Hospitals Police Dept. of New York, No. 06 Civ. 212, 2007 WL 1428428, at * 1, 2 (S.D.N.Y. May 14, 2007) (holding that "defendants are at a severe disadvantage in not knowing the address of the pro se litigant who has brought suit against them.");

Coleman v. Doe, No. 05-cv-5849, 2006 WL 2357846, at * 3 (E.D.N.Y. Aug. 14, 2006) ("To require defendants to move forward would be impossible without plaintiff's participation.") "When a pro se litigant fails to provide the Court with notice of a change of address, the Court may dismiss the litigant's claims." Bernard v. Romen, No. 11 cv 6346, 2012 WL 6594622, at * 2 (E.D.N.Y. Oct. 15, 2012), report and recommendation adopted by 2012 WL 6594525 (E.D.N.Y. Dec. 18, 2012).

Plaintiff is directed to serve and file an affidavit **on or before February 13, 2013** providing the Court with a new address and telephone number at which he can be contacted.

**PLAINTIFF IS ADVISED THAT HIS FAILURE TO COMPLY WITH THIS ORDER, OR TO TAKE ANY STEPS TO PROSECUTE THIS ACTION, WILL RESULT IN THIS ACTION BEING DISMISSED <u>WITH PREJUDICE</u> PURSUANT TO RULES 37(b)(2)(A)(v) AND 41(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

Upon receipt of an affidavit in compliance with this Order on or before February 13, 2013, the Clerk of Court shall forward copies of the summons, complaint and this Order to the United States Marshal Service for service upon defendants without prepayment of fees. Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to serve notice of entry of this order upon plaintiff in accordance with Rule 5(b) of the Federal Rules of Civil Procedure, including mailing a copy of this order to plaintiff's address of record pursuant to Rule 5(b)(C) and leaving a copy of this order with the Clerk of the Court pursuant to Rule 5(b)(2)(D).

**SO ORDERED.**  s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: January 9, 2013
Central Islip, New York

3