```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
RAYMOND GRIFFIN,

                    Plaintiff,              MEMORANDUM & ORDER
                                             12-CV-4359(JS)(GRB)
          -against-


HON. JAMES DOYLE, individually and
in his official capacity; HON.
MICHAEL MULLEN, individually and
in his official capacity; DA
THOMAS J. SPOTA, individual and
in his official capacity; 18-B
ATTORNEY CHRISTOPHER BROCATO,
individually and in his official
capacity; JEFFREY LANGLAN,
individually and in his official
capacity; ROSALIND C. GRAY,
individually and in her official
capacity; BRIAN RAFFERTY,
individually and in his official
capacity; LAURAN TAN, individually
and in her official capacity; JAMES
HARNETT, Legal Aid, individually
and in his official capacity;
JOSEPH N. BRITELLI, Detective,
individually and in his official
capacity; JOSEPH C. LOEFFLER,
Detective, individually and in his
official capacity; KEVIN J. EARLY,
Detective, individually and in his
official capacity; WILLIAM R.
MALDONADO, Detective, individually
and in his official capacity; KEITH
JORDAN; ARRESTING OFFICER ID SPD
33418, Suffolk County Police
Officer, individually and in his
official capacity; ERIC T.
SCHNEIDERMAN, Attorney General,
individually and in his official
capacity; BRIAN J. O'DONNELL,
individually and in his official
capacity; MONICA A. CONNELL,
individually and in her official
capacity; CHARLES SANDERS,
```

individually and in his official capacity; BRIAN FISCHER, Department of Correctional and Community Supervision Commissioner, individually and in his official capacity; ANDREA EVANS, New York State Division of Parole Chairwoman; LISABETH ELOVICH, Parole Board Commissioner; CHRISTINA HERNANDEZ; KEVIN LUDLOW; HENRY LEMONS; JAMES FERGUSON; MICHAELA HAGLAR; WALTER SMITH JR.; COMMISSIONER SALLY THOMPSON, individually and in their official capacities; YAPHANK CORRECTIONAL FACILITY WARDEN, SUPERINTENDENT, OR SHERIFF, individually and in their official capacity; BRUCE S. YELICH, Superintendent of Barehill Correctional Facility, individually and in his official capacity; LAURIE ANN FOBARE, Law Library Correctional Officer, individually and in her official capacity; SERGEANT KELLY, individually and in his official capacity; D-1 DORMITORY OFFICER CLARK AND DECOSSE, individually and in their official capacities; JOHN AND JANE DOES, individually and in their official capacities,

                        Defendants.
----------------------------------------X

APPEARANCES

For Plaintiff:       Raymond Griffin, pro se
                      708 Corporate Drive
                      Goldsboro, NC  27534

For Legal Aid
Defendants:        Wendy B. Shepps, Esq.
                      Podvey, Meanor, Catenacci, Hildner,
                      Cocoziello & Chattman, PC
                      570 Lexington Avenue
                      New York, New York 10022

```
State Defendants:      Marsha W. Yee, Esq.
                       NYS Office of the Attorney General
                       200 Old Country Road, Suite 240
                       Mineola, New York  11501

                       Dorothy O. Nese, Esq.
                       Office of the New York State
                       Attorney General
                       200 Old Country Road, Suite 460
                       Mineola, New York  11501

County Defendants:     Megan E. O'Donnell, Esq.
                       Suffolk County Attorney's Office
                       H. Lee Dennison Building
                       100 Veterans Memorial Highway
                       P.O. Box 6100
                       Hauppauge, New York  11788

Officer 34418,
John Doe,
and Jane Doe:          No appearances.
```

SEYBERT, District Judge:

Pending before the Court is a motion by pro se Plaintiff Raymond Griffin ("Plaintiff") seeking: (1) an extension of time to file an appeal, and (2) permission to proceed in forma pauperis. (See Mot., ECF No. 81.)  For the reasons that follow, the motion is DENIED.

BACKGROUND

The Court presumes familiarity with the underlying facts of this case, which are discussed at length in its prior decisions. (See June 30, 2014 Memorandum & Order ("M&O"), ECF No. 59; Feb. 10, 2016 Order ("February 2016 Order"), ECF No. 78.)

By way of its February 2016 Order, the Court denied Plaintiff's underlying motion to reopen this case and to reconsider

3

its dismissal of this action pursuant to its June 30, 2014 Order. On March 8, 2016, Plaintiff timely appealed the Court's February 2016 Order; however, he did so in the Second Circuit, moving for leave to proceed in forma pauperis (hereafter, the "IFP Application") and seeking an enlargement of time to file his appeal (hereafter, the "Extension Request"; together with the IFP Application, the "Appeal Motion"). (See Appeal Motion, ECF No. 81.) In accordance with Rule 4(d) of the Federal Rules of Appellate Procedure, Plaintiff's appeal was transmitted to this Court for filing. (See Second Circuit Mar. 10, 2016 Transmittal Letter, ECF No. 82.) The Court construes the Extension Request as a notice of appeal of its February 2016, Order.

In his Extension Request, Plaintiff outlines appellate arguments that he intends to present on appeal and requests "plenary review" of these issues. (Appeal Motion at 16.) In his IFP Application, Plaintiff asserts "that [his] appeal of D.E #78 is [taken] in good faith," and that he is "financially unstable." (Id. at 7.) Notably, Plaintiff failed to file any documentary evidence of his indigency along with his Appeal Motion. While the Court did not explicitly certify that any appeal of its February 2016 Order would not be taken in good faith, it did so in its June 2014 M&O, stating that IFP status would not be granted for the purposes of appeal because such appeal "would not be taken in good faith." (June 2014 M&O at 25-26.)

4

DISCUSSION

I.  Plaintiff's Extension Request

Under Federal Rule of Appellate Procedure 4(a)(1)(A), "[i]n any civil case . . . [a] notice of appeal . . . must be filed with the district clerk <u>within thirty days after entry of the judgment or order appealed from</u>."  FED. R. APP. P. 4(a)(1)(A) (emphasis added).  Since Plaintiff filed his Appeal Motion -- construed as his Notice of Appeal -- twenty-seven days after the Court's denial of his motion to reopen, said Notice was timely.  Hence, his Extension Request unnecessary.  Accordingly, to the extent the Appeal Motion seeks an Extension Request, the Motion is DENIED as MOOT.[1]

II. Plaintiff's IFP Application

> "The decision of whether to grant a request to proceed <u>in forma pauperis</u> is left to the District Court's discretion under 28 U.S.C. § 1915.  The Court's discretion is limited in that: 'An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies in writing that it is not taken in good faith.'" <u>Fridman v. City of New York</u>, 195 F. Supp. 2d 534, 536 (S.D.N.Y. 2002) (quoting 28 U.S.C. § 1915(a)(3)) (internal citations omitted); <u>see also</u> FED. R. APP. P. 24(a)(3)(A) ("A party . . . may proceed on appeal <u>in forma pauperis</u> . . . unless the district court . . . certifies that the appeal is not taken in good faith . . . .").  The standard for "good faith" in pursuing an appeal is an objective one.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 445, 82 S. Ct. 917, 8 L. Ed. 2d

---

[1]  Further, to the extent Plaintiff seeks an extension of time to file an appeal regarding this Court's June 2014 M&O, such a request is untimely and DENIED.

5

> > 21 (1962) ("We consider a defendant's good faith . . . demonstrated when he seeks appellate review of an issue not frivolous."); see also Linden v. Harper & Row Publishers, 490 F. Supp. 297, 300 (S.D.N.Y. 1980) (applying objective "good faith" standard to civil case).
>
> Burda Media Inc. v. Blumenberg, 731 F. Supp. 2d 321, 322–23 (S.D.N.Y. 2010).

In its February 2016 Order, the Court noted that "Plaintiff ma[de] only general and unsupported objections to the June 2014 Order," and that he did "not raise any issues that were not already considered and ruled upon." His motion for reconsideration was yet another attempt by Plaintiff to re-raise arguments that were already considered and rejected by the Court. As is well-settled, arguments of this sort are inappropriately raised in a motion to reconsider. See Wechsler v. Hunt Health Sys., Ltd., 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002) ("[A] motion for reconsideration 'will generally be denied unless the moving party can point to controlling decisions or data that . . . might reasonably be expected to alter the conclusion reached by the court.'")

Since Plaintiff failed to raise any controlling law or data not already considered by the Court, any appeal of the February 2016 Order would not be taken in good faith. See Coppedge, 369 U.S. at 444-45. Therefore, Plaintiff's request to proceed IFP for the purposes of an appeal is DENIED.

CONCLUSION

For the stated reasons, **IT IS HEREBY ORDERED:**

A. The Extension Request portion of the Appeal Motion, seeking an extension of time to file an appeal of this Court's February 2016 Order, is **DENIED AS MOOT;** and

B. The IFP Application portion of Plaintiff's Appeal Motion, seeking to proceed with his appeal of this Court's February 10, 2016 Order without prepaying fees and costs is **DENIED.**

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   October 26, 2022
         Central Islip, New York